**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAVIER TENORIO PLATA, an individual; DOLORES GALVEZ MONTES, an individual; ALFONSO VICTOR INCLAN COSTA, an individual; GERMAN VASQUEZ FIGUEROA, an individual; MICHELL ARIANNE CURTO GONGORA, an individual; CARLOS ACEVEDO MENDOZA, an individual; LUIS DELGADO PICASSO, an individual; RUBEN ARMAND ROBLES DIAZ, an individual; GRACIELA HERRERA RODRIGUEZ, an individual; MARIA DE LOS ANGELES SANDOVAL, an individual; REINALDO RODRIGUEZ VELASQUEZ, an individual; BRAULIO ALBERTO DELGADO BRASIA, an individual; FRANCISCA GASTELUM ARAGON, an individual; MARIA DE LA VILLANET SANCHEZ GUZMAN, an individual; YADIRA CAMBREROS PINEDA, an individual; DANIEL OROZCO VALDEZ, an individual; REBECCA GUTIERREZ JUAREZ, an individual; and MARTH HUIZAR N., an individual,<br><br>        Plaintiffs,<br>  vs.<br><br>DARBUN ENTERPRISES, INC., a California corporation; OEM SOLUTIONS, LLC, a California limited liability company; and DOES 1 through 10 inclusive,<br><br>        Defendants. | CASE NO.  09cv44-IEG(CAB)<br><br>Order Denying Defendant Darbun Enterprises, Inc.'s Motion to Dismiss and Alternative Motion for Summary Judgment [Docs. 6 and 7];Granting Ex Parte Application [Doc. 11] |

1    Defendant Darbun Enterprises, Inc. moves the Court to dismiss Plaintiff's complaint for
2 failure to state a claim upon which relief can be granted or, alternatively, for summary judgment.[1]
3 Plaintiffs have filed an opposition,[2] and Defendant has filed a reply.[3]  The Court finds Defendant's
4 motion appropriate for submission on the papers and without oral argument pursuant to Civil
5 Local Rule 7.1(d)(1), and the March 30, 2009 hearing was previously VACATED.  For the reasons
6 explained below, Defendant's motion is DENIED.

### *Background*

8    This is an action by Plaintiffs for enforcement of a foreign judgment pursuant to the
9 Uniform Foreign-Country Money Judgments Recognition Act, Cal. Code Civ. Proc. § 1713 *et seq*.[4]
10 According to the Complaint, Plaintiffs are all residents of Tijuana, Baja California, Mexico, who
11 were employed by Soluciones Tecnologicas de Mexico, S.A. de C.V.  [Complaint, ¶¶ 2-21, 24.]
12 Plaintiffs allege Defendants Darbun Enterprises, Inc. and OEM Solutions, LLC, both of which are
13 California companies, were part of a production unit responsible for the payment of wages to the
14 employees of Soluciones Tecnologicas de Mexico, S.A. de C.V.  [Complaint, ¶ 25.]

15    Plaintiffs were not paid their wages due by Soluciones Tecnologicas de Mexico, S.A. de
16 C.V.  As a result, on May 31, 2000, Plaintiffs commenced an action against Soluciones
17 Tecnologicas de Mexico, S.A. de C.V., as well as OEM Solutions, LLC and Darbun Enterprises,
18 Inc., before the Number One Special Local [Labor Relations] and Conciliation and Arbitrage Local
19 Authority of the City of Tijuana (the "Labor Relations Board").  [Complaint, ¶ 2 and Exhibit 5
20 (Labor Dispute Judgment Award).]  The Mexican Consulate General in San Diego, California, gave

---

[1] Defendant OEM Solutions, LLC has not yet entered an appearance in this case.

[2] In their opposition, Plaintiffs included a "cross-motion for summary judgment."  Such motion, however, was not timely noticed in accordance with the requirements of Local Civil Rule 7.1(e), and failed to comply with the requirements of Local Civil Rule 7.1(f).  As a result, the Court does not consider Plaintiffs' motion at this time.

[3] Defendant's ex parte application for leave to file an overlength reply brief is GRANTED.

[4] In its motion to dismiss, Defendant Darbun Enterprises, Inc. sets forth various facts regarding the relationship and business dealings between Daniel Bunn, who appears to be the president of Darbun Enterprises, and David Braunstein, who it appears to have acted previously as the president of OEM.  The Court does not readily perceive the relevance of these underlying facts to the current motion.

notice of such action to Darbun Enterprises at the corporate address listed with the California Secretary of State. [Complaint, ¶ 27.]

On May 3, 2001, Darbun Enterprises, Inc. granted Hector Cervantes Sanchez, Esq. and Jose Guadalupe San Miguel Torero, Esq., a General Power of Attorney to act on its behalf with regard to the Plaintiffs' litigation before the Labor Relations Board. [Complaint, ¶ 28 and Exhibit 1.] Darbun voluntarily appeared before the Labor Relations Board through its attorneys on May 7, 2001. [Motion to Dismiss, Doc. No. 6, p. 3, line 9.] As reflected in the Labor Relation Board's Judgment, however, the Board considered Darbun Enterprises, Inc. to be in default because of its failure to appear at the first hearing on February 23, 2001. As a result, the Board deemed all claims against Darbun were admitted. [Labor Dispute Judgment Award, Exhibit 5 to the Complaint, pp. 8, 9, 28.]

On April 29, 2005, the Labor Relations Board entered a judgment in favor of Plaintiffs and against Darbun Enterprises and OEM. On July 1, 2008, the Labor Relations Board updated the amount of the Judgment to include daily wages due under Mexican Law from April 29, 2005 through July 1, 2008. [Complaint, ¶ 40 and Exhibit 7.] As of July 1, 2008, the Judgment in favor of Plaintiffs against Defendants totaled 40,827,990.57 Mexican pesos. [Complaint, ¶ 43.] The Judgment continues to grow at the rate of 16,996.12 Mexican pesos per day, representing per diem wages for each of the Plaintiffs until the judgment is paid in full. [Complaint, ¶ 44.] As a result, as of January 8, 2009, the Mexican Judgment totaled $3,250.714.00 in U.S. dollars. [Complaint, ¶ 46.] Plaintiffs, by this action, seek enforcement of such judgment.

### *Legal Standard*

Defendant Darbun Enterprises, Inc. moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. A motion under Rule 12(b)(6) tests the legal sufficiency of a claim and may be granted "only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001) (quoting Conley v. Gibson, 355 U.S. 41, 45-56 (1957)). In considering a motion to dismiss under Rule 12(b)(6), the Court may consider materials which are properly submitted as part of the complaint. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

*Discussion*

In its motion, Defendant Darbun Enterprises, Inc. asserts four grounds justifying dismissal of Plaintiffs' Complaint: (1) the Mexican Judgment imposes a penalty which may not be enforced pursuant to Cal. Civ. Proc. Code § 1715(b)(2); (2) the Complaint fails to allege the Judgment is enforceable in Mexico; (3) the Complaint shows the Judgment is expired in Mexico; and (4) the Judgment is unforceable due to lack of personal jurisdiction and due process.

1. Is the Mexican Judgment an unenforceable penalty?

Defendant first argues that the Mexican Judgment is a penalty which is not enforceable under the provisions of the Uniform Foreign-Country Money Judgments Recognition Act. Section 1715(a) of the Cal. Code Civ. Proc. provides that a foreign-country judgment may be enforced in California so long as such judgment both "(1) grants or denies recovery of a sum of money" and "(2) Under the law of the foreign country where rendered, is final, conclusive, and enforceable." That section further provides that a foreign-country judgment for a sum of money is *not enforceable* if it is "a fine or other penalty." Cal. Code Civ. Proc. § 1715(b)(2).

Defendant argues that the Mexican Judgment, which is calculated at the daily rate of 16,996.12 Mexican pesos for every day from May 9, 2000 (the date the employment relationship was severed) is a penalty not enforceable in California under Cal. Code Civ. Proc. § 1715(b)(2). Defendant argues the Judgment, which at this point represents almost nine years of daily wages, cannot be considered compensation for work performed or for breach of a contract or some other duty.

In determining whether a foreign judgment constitutes a penalty within the meaning of the Uniform Foreign-Country Money Judgments Recognition Act, California courts employ principles from cases discussing the enforcement of sister state judgments, cases discussing the enforcement of foreign judgments under principles of comity, and the Restatement of the Foreign Relation Laws of the United States. <u>Java Oil Ltd. v. Sullivan</u>, 168 Cal. App. 4th 1178, 1187 (2008). Looking at these sources, the California Court of Appeal has determined that the primary question in determining whether a judgment is in fact a penalty is "'whether its purpose is to punish an offense against the public justice of the State, or to afford a private remedy to a person injured by the

wrongful act.'"  Id. (quoting Huntington v. Attrill, 146 U.S. 657, 673-74 (1892)).[5]

> The question is not whether the statute is penal in some sense. The question is whether it is penal within the rules of private international law. A statute penal in that sense is one that awards a penalty to the state, or to a public officer in its behalf, or to a member of the public, suing in the interest of the whole community to redress a public wrong. . . . The purpose must be, not reparation to one aggrieved, but vindication of the public justice . . . .

Id. (internal citations omitted).  The Court in Java Oil quoted yet another formulation of the standard, from the Restatement (Third) Foreign Relations Law of the United States, as follows:

> A penal judgment for purposes of this section, is a judgment in favor of a foreign state or one of its subdivisions, and primarily punitive rather than compensatory in character. A judgment for a fine or penalty is within this section; a judgment in favor of a foreign state arising out of a contract, a tort, a loan guaranty, or similar civil controversy is not penal for purposes of this section . . . . In the United States, such judgments are not considered penal for this purpose.

168 Cal. App. 4th at 1189 (quoting Restatement (3d) Foreign Relations Law of the United States, § 483, com. b, pp. 611-12).

In opposition, Plaintiffs argue the Mexican Judgment is neither a fine nor a penalty within the meaning of Cal. Code Civ. Proc. § 1715(b)(2).  Plaintiffs point out the judgment is in favor of neither the Mexican government nor a subdivision of the Mexican government.  Plaintiffs argue the judgment is not "vindication of a public justice" but instead is back wages for Defendants' wrongful refusal to pay wages when due according to Mexican law.[6]  The Mexican Judgment reflects that the Judgment includes various amounts, calculated according to the number of years Plaintiffs worked for the company, and also includes vacation, Christmas, and seniority bonuses. The Judgment indicates many of these amounts are pursuant to Plaintiffs' "work contract."

In order to prevail at this stage of the proceedings, Defendant must demonstrate based upon the pleadings and matters properly before the Court that every part of the Mexican Judgment

---

[5] The court in Java Oil Ltd. interpreted Cal. Code Civ. Proc. § 1713.1, which was repealed on January 1, 2008 and replaced by Cal. Code Civ. Proc. § 1715. Just as § 1715(b)(2) excludes from enforceability any judgment which is "a fine or other penalty", the prior section defined a "foreign judgment" as a judgment "other than a judgment for taxes, a fine or other penalty ...."

[6] Interestingly, Plaintiffs argue their damages are analogous to those available under Cal. Labor Code §§ 201 and 203.  Under Cal. Labor Code § 203, where a California employee is not paid his wages when terminated, those wages continue to accrue on a daily basis for up to 30 days. As Defendant points out in its reply, however, the language of Cal. Labor Code § 203 makes clear such additional wages are a *penalty* and not compensatory in nature.

- 5 - 09cv44

constitutes a "penalty" which is unenforceable under Cal. Code Civ. Proc. § 1715(b)(2). At this stage of the proceedings, the Court finds there are factual questions regarding the nature of the Judgment which precludes dismissal of the case under Fed. R. Civ. P. 12(b)(6).

### 2. Must Plaintiff allege Enforceability?

Cal. Code Civ. Proc. § 1715(a)(2) provides for enforcement only of judgments which are "final, conclusive, and enforceable" under the foreign country's laws. Defendant argues that the Complaint must be dismissed because Plaintiffs fail to allege the Mexican Judgment is enforceable under Mexican law.

In paragraph 39 of the Complaint, Plaintiffs allege the Mexican Judgment is "final and conclusive" but does not explicitly state such judgment is "enforceable." Nonetheless, Defendant has cited no authority for the proposition that a Complaint under Cal. Code Civ. Proc. § 1713 *et seq.* should be dismissed for failure to *allege* enforceability. Unless Defendant demonstrates the Judgment is, in fact, unenforceable in some manner, the Court declines to dismiss the Complaint at this stage.

### 3. Is the Judgment Time-Barred under Mexican Law?

Pursuant to Cal. Code Civ. Proc. § 1721, "[a]n action to recognize a foreign-country judgment shall be commenced within the earlier of the time during which the foreign-country judgment is effective in the foreign country or 10 years from the date that the foreign-country judgment became effective in the foreign country." Defendant argues that pursuant to Article 519 of the Mexican Federal Labor Code, actions to enforce the judgments of the Conciliation and Arbitrage Board (the "Labor Board") must be commenced within two years. The Judgment Plaintiffs seek to enforce in this case was issued on August 13, 2004. Therefore, Defendant argues the Court should dismiss the Complaint because the Mexican Judgment is unenforceable under Mexican law.

In responding to the Defendant's motion to dismiss, Plaintiffs point out that under Article 521 of the Mexican Federal Labor Code, "the statute of limitations [for enforcement of a judgment] is interrupted by: I. The mere presentation of the demand or any other moon before the Board of Conciliation or before the Board of Conciliation and Arbitrage, indepedent of the date of

notification." The updated Mexican Judgment, dated July 1, 2008 and attached to Plaintiffs' complaint as Exhibits 6 and 7 (English translation) refers to writs Plaintiffs brought before the Labor Board on November 11, 2005, October 31, 2007, and July 1, 2008.  Pursuant to the plain language of Article 521 of the Mexican Federal Labor Code, it appears these filings "interrupted" the statute of limitations for enforcement of the underlying Judgment.[7]  Thus, Defendant cannot demonstrate at this point that the Mexican Judgment is unenforceable as a result of the statute of limitations under Mexican law.

4. <u>Was the Mexican Judgment rendered in the absence of due process?</u>

Finally, Defendant argues the Mexican Judgment is unenforceable because the Mexican Board did not have jurisdiction over it and the proceedings lacked due process.  First, Defendant argues it did not receive proper notice of the Labor Board proceedings because service was effected by leaving a copy of the complaint with a person who was not employed by Darbun, at an address which was not Darbun's address at the time.  Second, Defendant argues there are no facts establishing Darbun had the requisite minimum contacts with the forum justifying the Board's exercise of jurisdiction over it.  Finally, Defendant argues that even though it voluntarily appeared before the Board on May 7, 2001, and submitted evidence to the Board in opposition to the Plaintiffs' complaint, the Board refused to consider that evidence because of Darbun's failure to appear at the initial February 23, 2001 hearing.  Defendant argues the Board denied it due process when it refused to consider evidence at the subsequent hearings.

Once again, the Court finds the facts set forth on the face of the complaint preclude dismissal of Plaintiffs' complaint.  Although Defendant argues its business did not have offices at the address where the Mexican Consulate effected service of the underlying complaint, Defendant does not directly dispute Plaintiffs' allegation that service was effected at the address listed with the Secretary of State for service upon Darbun Enterprises, Inc.  In addition, Defendant's argument about lack of minimum contacts is likely irrelevant in the face of Cal. Code Civ. Proc. § 1717(a)(2)

---

[7] In its reply, Defendant argues it believes the filings referenced in the Board's July 1, 2008 updated Judgment are fraudulent, and Plaintiffs never filed any writs between August of 2004 when the original Judgment was issued and the July 1, 2008 request to update the Judgment. This is a factual issue that does not justify dismissal under Fed. R. Civ. P. 12(b)(6).

which provides as follows:

> (a) A foreign-country judgment shall not be refused recognition for lack of personal jurisdiction if . . . (2) [t]he defendant voluntarily appeared in the proceeding, other than for the purpose of protecting property seized or threatened with seizure in the proceeding or of contesting the jurisdiction of the court over the defendant.

Darbun concedes in its motion that it voluntarily appeared before the Board other than to dispute jurisdiction or protect property. Thus, under Cal. Code Civ. Proc. § 1717(a)(2), it is likely Defendant's argument regarding the Board's lack of personal jurisdiction does not bar enforcement of the judgment.

Plaintiffs argue in their opposition that Defendant at no time argued the Board lacked personal jurisdiction over it, and at no time appealed the Mexican Judgment on the basis of lack of jurisdiction or lack of sufficient process. Instead, Plaintiffs argue Defendant waited until Plaintiffs filed this enforcement action to raise such issues. To the extent Defendant now seeks to attack the Board's jurisdiction and the regularity of the Board's proceedings, the Court finds such issues are not properly raised by way of this motion to dismiss under Fed. R. Civ. P. 12(b)(6).

### *Conclusion*

For the reasons set forth herein, Defendant Darbun Enterprises, Inc.'s motion to dismiss the Plaintiffs' Complaint is DENIED.

**IT IS SO ORDERED**.

**DATED: April 9, 2009**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**