# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER TENORIO PLATA, et al.,<br><br>                                    Plaintiffs,<br><br>   vs.<br><br><br>DARBUN ENTERPRISES, INC., a California corporation; OEM SOLUTIONS, LLC, a California limited liability company; and DOES 1 through 10 inclusive,<br><br>                                    Defendants.<br><br>AND RELATED COUNTERCLAIM. | CASE NO.  09cv44-IEG(CAB)<br><br>**ORDER:**<br><br>**(1) ON PLAINTIFFS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE; and**<br><br>**(2) GRANTING PLAINTIFFS LEAVE TO AMEND THEIR COMPLAINT.** |

On June 10, 2009 the Court ordered Plaintiffs to show cause why it should not dismiss this case for lack of subject matter jurisdiction, and vacated the hearings on four pending motions: (1) Plaintiffs' Motion for Right to Attach Order and for Issuance of a Writ of Attachment (Doc. No. 18); (2) Plaintiffs' Motion to Dismiss Defendants' Counterclaim (Doc. No. 20); (3) Defendants' Motion for Order for Plaintiffs to Furnish Security for Payment of Costs (Doc. No. 22); and (4) Defendants' Motion to Stay Case. (Doc. No. 23.)  Plaintiffs responded in writing to the Court's order to show cause on June 12, 2009. (Doc. No. 52.)  Defendants filed a Reply on June 15, 2009. (Doc. No. 56.) Defendants have additionally filed *ex parte* motions for leave to file a "sur-reply" with respect to

Plaintiffs' motion for Writ of Attachment (Doc. No. 53) and requesting the Court to refrain from scheduling the above-referenced hearings during counsel's vacation. (Doc. No. 54.)

## DISCUSSION

The Court, in its order to show cause, found that the complaint improperly premised its jurisdictional allegations on Plaintiffs' residency, as opposed to their citizenship. [June 10, 2009 Order to Show Cause ("OSC"), Doc. No. 51, at 2.] Plaintiffs have responded to the OSC by submitting photocopies of each plaintiff's Mexican voter registration card. Plaintiffs' counsel also "apologizes" for his error in incorrectly pleading his clients' citizenship. (Response to OSC at 1.) This response is unsatisfactory because Plaintiffs' submission of records does not squarely address the specific problem the OSC identified: *the complaint itself contains defective jurisdictional allegations*. See Rilling v. Burlington N. R.R. Co., 909 F.2d 399, 400 (9th Cir. 1990) (no diversity jurisdiction where plaintiff made no allegations respecting citizenship of defendant). Nevertheless, Plaintiffs argue in their response to the OSC that "each of [them] is a citizen of Mexico." (Response to OSC at 1.) This assertion demonstrates that Plaintiffs may be able to cure the jurisdictional allegations in the complaint.

Although Plaintiffs have not requested leave to amend the complaint, the Court now considers whether to grant them leave to do so *sua sponte*. Compare Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C. LLC, 464 F. Supp. 2d 481, 486-487 (D. Md. 2006) (finding that the defendant should have sought leave to file its counterclaim, which was "not directly responsive to the changes in Akzenta's complaint" but granting leave to amend, *sua sponte*, to add the counterclaim). The Court finds relief is warranted for the reasons set forth below.

First, and most importantly, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2009). The "primary purpose of § 1653 is to permit correction of incorrect statements about extant jurisdiction." Snell v. Cleveland, Inc., 316 F.3d 822, 828 (9th Cir. 2002).[1] Second, under Fed. R. Civ. P. 15,[2] the Court is vested with broad

---

[1] The Snell Court also stated in dicta that had the relevant district court been made aware of a defective citizenship allegation, it should have allowed the plaintiffs leave to amend the incorrect statements about extant jurisdiction. Snell v. Cleveland, Inc., 316 F.3d at 828 n. 6. In support, the Ninth Circuit cited to Howard v. De Cordova, wherein the Supreme Court held an

1  discretion to grant leave to amend absent a showing of "bad faith, undue delay, prejudice to the
2  opposing party, and futility of amendment." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th
3  Cir. 1987). The Court finds an amendment to cure an insufficient averment of citizenship is not the
4  result of Plaintiffs' bad faith or undue delay, or that the amendment would prejudice Defendants, as
5  the matter is still in the beginning stages of litigation. Finally, the amendment is not futile because
6  the Court has already determined Plaintiffs have stated a claim for which relief may be granted. See
7  Order Denying Defendant Darbun Enterprises, Inc.'s Motion to Dismiss. (Doc. No. 14.) Accordingly,
8  the Court grants Plaintiffs ten days from the date of entry of this Order to cure the defective
9  jurisdictional allegations in the complaint.

## CONCLUSION

For the reasons stated herein, Plaintiffs are granted ten **(10) days' leave from the date this Order is filed** in which to file a First Amended Complaint curing the deficient jurisdictional allegations noted in the OSC. If Plaintiffs successfully amend the complaint, the Court will reschedule the hearing dates on the pending motions in this case.

**IT IS SO ORDERED.**

**DATED: June 29, 2009**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**

---

insufficient averment of citizenship "was curable by amendment, and it was not only within the power but the ***duty*** of the court, on its attention being called to the fact, to have allowed such an amendment to be made. Howard v. De Cordova, 177 U.S. 609, 614 (1900).

[2] "[A] party may amend its pleading [with] the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) (2009).