# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER TENORIO PLATA, an individual; DELORES GALVEZ MONTES, an individual;ALFONSO VICTOR INCLAN COSTA, an individual; GERMAN VASQUEZ FIGUEROA, an individual; MICHELL ARIANNE CURTO GONGORA, an individual; CARLOS ACEVEDO MENDOZA, an individual; LUIS DELGADO PICASSO, an individual; RUBEN ARMAND ROBLES DIAZ, an individual; GRACIELA HERRERA RODRIGUEZ, an individual; MARIA DE LOS ANGELES SANDOVAL, an individual;REINALDO RODRIGUEZ VELASQUEZ, an individual; BRAULIO ALBERTO DELGADO BRASIA, an individual; FRANCISCA GASTELUM ARAGON, an individual; MARIA DE LA VILLANET SANCHEZ GUZMAN, an individual; YADIRA CAMBREROS PINEDA, an individual; REBECCA GUTEIRREZ JUAREZ, an individual; and MARTHA HUIZAR N., an individual, <br><br>                              Plaintiffs, <br>    vs. <br><br><br> DARBUN ENTERPRISES, INC., a California corporation; OEM SOLUTIONS, LLC, a California limited liability company; and DOES 1through 10, inclusive <br><br>                              Defendants. | CASE NO. 09-CV-0044-IEG (CAB) <br><br> **ORDER**: <br><br> **(1) DENYING PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS THE ACTION WITHOUT PREJUDICE (Doc. No. 100); and** <br><br> **(2) DISMISSING THE ACTION FOR LACK OF SUBJECT MATTER JURISDICTION.** |

Presently before the Court is Plaintiffs' motion to voluntarily dismiss the action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Doc. No. 100.)

Defendant Darbun Enterprises, Inc. filed an opposition and a supplemental opposition. Plaintiffs have not filed a reply. The motion is suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons stated herein, the Court DENIES Plaintiffs' motion to voluntarily dismiss without prejudice and DISMISSES the action for lack of subject matter jurisdiction.

## FACTUAL BACKGROUND

This matter involves the enforcement of a foreign judgment. Plaintiffs are eighteen individuals who were employed by Soluciones Tecnologicas de Mexico, S.A. de C.V. ("STM"). On May 31, 2000, Plaintiffs commenced an action for unpaid wages against STM and Defendants OEM Solutions, LLC and Darbun Enterprises, Inc. before the Number One Special Local and Conciliation and Arbitrage Local Authority of the City of Tijuana, Baja California, Mexico (the "Labor Relations Board"). On September 5, 2003, the Labor Relations Board handed down its judgment in favor of Plaintiffs.

## PROCEDURAL HISTORY

I.   Plaintiffs' Complaint and First Amended Complaint

On January 12, 2009, Plaintiffs commenced this action for recognition of the Mexican judgment pursuant to the Uniform Foreign-Country Money Judgments Recognition Act, California Code of Civil Procedure § 1713 et seq. Plaintiffs allege subject matter jurisdiction based on diversity jurisdiction, and that each of the eighteen plaintiffs resides in Tijuana, Baja California, Mexico. (Doc. No. 1.) Plaintiffs' Complaint names Defendants Darbun Enterprises ("Defendant") and OEM Solutions, LLC,[1] both California companies. Defendant filed an answer and counterclaim to void the foreign judgment and for fraud. (Doc. No. 16.)

On April 30, 2009, Plaintiffs filed a motion for writ of attachment requesting that the Court attach Defendant's assets. (Doc. No. 18.) On June 10, 2009, pursuant to an argument raised in

---

[1] Plaintiff never served the Complaint or First Amended Complaint on Defendant OEM Solutions, LLC.

Defendant's opposition, the Court issued an order to show cause why the case should not be dismissed for lack of subject matter jurisdiction.[2] (Doc. No. 51.) The Court explained that Plaintiffs' jurisdictional allegations were deficient because they were premised on Plaintiffs' residency, and not citizenship.

On June 29, 2009, the Court *sua sponte* granted Plaintiffs leave to amend the Complaint to cure the jurisdictional defects. (Doc. No. 58.) Subsequently, Plaintiffs filed a First Amended Complaint ("FAC") on July 9, 2009.[3] (Doc. No. 61.) Plaintiffs' FAC alleges each plaintiff "is a citizen of Mexico and domiciled in Tijuana, Baja California, Mexico as of the commencement of this action." (FAC ¶¶ 2-19.) On September 23, 2009, the Court denied Plaintiffs' motion for writ of attachment because Plaintiffs failed to show that they were more likely than not to meet their burden of proving that the Mexican judgment is not a penalty. (Doc. No. 82.)

II.     Jurisdictional Discovery

Defendant served discovery on Plaintiffs designed to discover whether any plaintiff was a permanent resident alien domiciled in California and for the production of documents relevant to the issue of whether the judgment constitutes a penalty. Due to Plaintiffs' failure to respond, Defendant filed a motion to compel on January 19, 2010. (Doc. No. 96.)

On February 12, 2010, the date of the hearing on Defendant's motion to compel, Plaintiffs filed the instant motion to voluntarily dismiss this case without prejudice. (Doc. No. 100.) Plaintiffs state that "Plaintiffs' counsel now believes in good faith that diversity jurisdiction over this case is potentially lacking":

It has come to counsel for Plaintiffs' attention on or about Friday, February 5, 2010

---

[2] There were also three other motions pending at the time: Plaintiffs' motion to dismiss counterclaim (Doc. No. 20), Defendant's motion for order for Plaintiffs to furnish security for payment of costs (Doc. No. 22), and Defendant's motion to stay case (Doc. No. 23). The Court later granted Plaintiffs' motion, and denied Defendant's motions. (Doc. No. 82.)

[3] Plaintiffs initially filed an amended complaint on July 8, 2009, then re-filed the amended complaint on July 9, 2009 (Doc. Nos. 60 & 61) in response to the Court's request that the caption of the amended complaint reflect that it was Plaintiffs' "First Amended Complaint." The re-filed amended complaint still failed to indicate it was Plaintiffs' first amended complaint. As such, Plaintiffs filed an "Amended Document to Correct Caption" on July 20, 2009, indicating the re-filed amended complaint's caption should read "First Amended Complaint." (Doc. No. 73.) The Court therefore construes the re-filed amended complaint (Doc. No. 61) as the operative "First Amended Complaint" in this case.

> that there is a potential issue regarding this Court's subject matter jurisdiction, in that it is arguable that one plaintiff's domicile can be construed as being in San Diego, California. Although it is by no means conclusive, in that this plaintiff still maintains a residence in Tijuana, Mexico and still has a valid voter registration card in Tijuana, Mexico that has previously been introduced as evidence in this case, that plaintiff has not only maintained a residence in San Diego as of the date of the filing of this action, but has also applied for United States citizenship.

(Pls.'s Mot. to Dismiss ¶¶ 1, 3.)

On February 12, 2010, Magistrate Judge Cathy Ann Bencivengo issued an order granting the motion to compel, remarking that a number of the unanswered discovery requests would have provided necessary information about the plaintiff's domicile months ago. (Doc. No. 103.) Magistrate Judge Bencivengo ordered that, no later than February 19, 2010, Plaintiffs were to provide Defendant with: (1) declarations under penalty of perjury from any and all Plaintiffs who claim residence or domicile in California with the supporting facts that provide the basis of Plaintiffs' conclusion that diversity was lacking at the time this action was removed to federal court; and (2) statements under penalty of perjury for all remaining Plaintiffs confirming that their residence or domicile at the time of removal did not defeat diversity jurisdiction. (Doc. No. 103.)

On February 16, 2010, Defendant filed an opposition to Plaintiffs' motion to voluntarily dismiss without prejudice, arguing that it is entitled to an appropriate amount of time to determine if dismissal is warranted for lack of subject matter jurisdiction. (Doc. No. 102.)

On February 24, 2010, five days late, Plaintiffs filed a declaration from Plaintiff Delores Galvez Montes ("Montes"), in which Montes states that she is a Mexican citizen, has maintained a residence in San Diego for the past four or five years, has a "green card," is planning on applying for U.S. citizenship, and intends to stay in San Diego permanently. (Declaration of Delores Galvex Montes ("Montes Decl.") ¶¶ 2, 4-5) (Doc. No. 108.) Montes also states that she owns a house in Tijuana, which she and her family "occasionally reside in on weekends." (Montes Decl. ¶ 3.) As to the remaining seventeen plaintiffs, Plaintiffs' counsel provided a group affidavit denying permanent resident alien status. (Declaration of Bruce Sherman in Supp. of Def.'s Opp'n to Pl.'s Mot. ("Sherman Decl."), Ex. 1) The affidavit, however, is missing a signature from Plaintiff Luis Delgado Picasso. According to Defendant, Plaintiffs' counsel has not responded to emails regarding the missing signature. (Sherman Decl., Ex. 2.)

On February 26, 2010, Magistrate Judge Bencivengo issued an order finding that Montes' declaration was inadequate because it was ambiguous as to precisely when Montes obtained her permanent resident alien status. (Doc. No. 110.) Accordingly, Magistrate Judge Bencivengo ordered Plaintiffs' counsel to provide a true and correct copy of Montes' legal permanent resident alien documentation, and to provide statements under penalty of perjury from the remaining plaintiffs acknowledging their residence status. (Doc. No. 110.)

At the status conference on March 19, 2010, the parties represented that they were prepared to go forward with Plaintiffs' motion to voluntarily dismiss without prejudice, and Magistrate Judge Bencivengo set a supplemental briefing schedule. (Doc. No. 114.) Defendant filed a supplemental opposition and accompanying declarations. Plaintiffs have not filed a reply.

## **DISCUSSION**

Plaintiffs move the Court to grant their motion for voluntary dismissal without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, on the ground that Plaintiffs' counsel now believes that diversity jurisdiction is lacking.[4] Defendant, on the other hand, argues that the Court should dismiss the action for lack of subject matter jurisdiction.[5] Because the evidence before the Court clearly shows that diversity jurisdiction is lacking, the Court finds it appropriate to dismiss for lack of subject matter jurisdiction.

Plaintiffs' original Complaint and FAC allege subject matter jurisdiction based on diversity jurisdiction. The diversity jurisdiction statute, 28 U.S.C. § 1332, provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of a State and

---

[4] A plaintiff may voluntarily dismiss an action without a court order if the plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or files a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A). Otherwise, an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." Stevedoring Services of America v. Armilla Intern. B.V., 889 F.2d 919, 921 (9th Cir. 1989).

[5] Alternatively, Defendant argues that if the Court allows voluntary dismissal without prejudice, the dismissal should be conditioned on payment of Defendant's costs and attorney's fees for unnecessary expense caused by the litigation.

1  citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332 (2009). In a diversity case, all
2  plaintiffs must be of different citizenship than all defendants. Strawbridge v. Curtis, 7 U.S. 267
3  (1806). Where a party is an alien admitted to the United States for permanent residence, the alien
4  shall be deemed a citizen of the State in which such alien is domiciled. 28 U.S.C. § 1332(a). "A
5  person's domicile is her permanent home, where she resides with the intention to remain or to
6  which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

7  This action was commenced fifteen months ago, and the parties have completed
8  jurisdictional discovery. The evidence shows that complete diversity is lacking, because Montes,
9  a permanent resident alien, was domiciled in California on January 12, 2009, when Plaintiffs
10 commenced this action. According to Montes' statements in her declaration, under penalty of
11 perjury, she maintains a residence in San Diego, California, has obtained a green card and worked
12 in the United States for the last two or three years, and intends to stay in San Diego permanently.
13 (Montes Decl. ¶ 5.) Defendant attaches to its supplemental opposition Montes' March 18, 2010
14 deposition, in which she confirms that she has had permanent resident status in the United States
15 since June of 2005, and has lived in San Diego continuously since 2004. (Sherman Decl., Ex. 4 at
16 13:6-20, 39:20-22.) Plaintiffs' counsel states that this is not conclusive because Montes still
17 maintains a residence in Tijuana, Mexico, which she and her family "occasionally reside in on
18 weekends." (Montes Decl. ¶¶ 2-3.) However, at her deposition, Montes states unequivocally that
19 for the past five years she has had tenants in the house in Tijuana and has not lived there.
20 (Sherman Decl., Ex. 3 at 41:10-25.) Plaintiffs have not filed a reply.

21 It is apparent from the documents submitted by the parties that California is Montes'
22 permanent home and where she resides with the intention to remain. See Kanter, 265 F.3d at 857.
23 Because one of the Plaintiffs was domiciled in California at the time Plaintiffs commenced this
24 action, complete diversity is lacking.
25 //
26 //
27 //
28 //

## **CONCLUSION**

The Court *sua sponte* DISMISSES the action for lack of subject matter jurisdiction. Accordingly, Plaintiffs' motion to voluntarily dismiss the action without prejudice is DENIED.

**IT IS SO ORDERED.**

**DATED: May 6, 2010**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**