1
2
3
4
5
6
7
8       **UNITED STATES DISTRICT COURT**
9       **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   JAVIER TENORIO PLATA, an individual;          CASE NO. 09-CV-0044-IEG (CAB)
     DELORES GALVEZ MONTES, an
12   individual;ALFONSO VICTOR INCLAN              *AMENDED* ORDER:
     COSTA, an individual; GERMAN
13   VASQUEZ FIGUEROA, an individual;              **(1) GRANTING DEFENDANT'S**
     MICHELL ARIANNE CURTO GONGORA,                **MOTION FOR SANCTIONS AND**
14   an individual; CARLOS ACEVEDO                 **ATTORNEY'S FEES (Doc. No.**
     MENDOZA, an individual; LUIS                  **122); and**
15   DELGADO PICASSO, an individual;
     RUBEN ARMAND ROBLES DIAZ, an                  **(2) GRANTING DEFENDANT'S**
16   individual; GRACIELA HERRERA                  **MOTION FOR COSTS (Doc. No.**
     RODRIGUEZ, an individual; MARIA               **123).**
17   DE LOS ANGELES SANDOVAL, an
     individual;REINALDO RODRIGUEZ
18   VELASQUEZ, an individual; BRAULIO
     ALBERTO DELGADO BRASIA, an
19   individual; FRANCISCA GASTELUM
     ARAGON, an individual; MARIA DE LA
20   VILLANET SANCHEZ GUZMAN, an
     individual; YADIRA CAMBREROS
21   PINEDA, an individual; REBECCA
     GUTEIRREZ JUAREZ, an individual; and
22   MARTHA HUIZAR N., an individual,

23                                    Plaintiffs,

               vs.
24

25

     DARBUN ENTERPRISES, INC., a
26   California corporation; OEM SOLUTIONS,
     LLC, a California limited liability company;
27   and DOES 1through 10, inclusive

28                                    Defendants.

09cv0044

Presently before the Court is Defendant Darbun Enterprises, Inc.'s motion for sanctions and attorneys fee's (Doc. No. 122), and motion for costs (Doc. No. 123). For the reasons stated herein, the Court GRANTS both motions.

## BACKGROUND

This matter involves the enforcement of a foreign judgment. Plaintiffs are eighteen individuals who were employed by a company in Mexico, and received a foreign judgment in their favor for unpaid wages. On January 12, 2009, Plaintiffs commenced an action in this court for recognition of the judgment under California law. The Complaint alleged subject matter jurisdiction based on diversity jurisdiction. The Complaint specifically alleged Defendant is a California Corporation with its principal place of business in California, and that Plaintiffs were all residents of Mexico.

On July 8, 2009, Plaintiffs filed a First Amended Complaint, again alleging subject matter jurisdiction, and further alleging Plaintiffs were citizens of Mexico. Ultimately, about fifteen months later on May 6, 2010, the Court *sua sponte* dismissed this action for lack of complete diversity, because one plaintiff, Delores Galvez Montes ("Galvez"), was found to be domiciled in California. In fact, Galvez has been a legal permanent resident in the United States since 2005, has maintained a residence in California, and is applying for United States citizenship.[1]

On May 21, 2010, Defendant filed a motion for sanctions and attorney's fees under 28 U.S.C. § 1927 and the Court's inherent authority. On June 15, 2010, Defendant also moved for costs pursuant to 28 U.S.C. § 1919. The Court heard oral argument on both motions on July 19, 2010. Plaintiff's counsel, Philip Stillman, and Defendant's counsel, Bruce Sherman, were both present.

## DISCUSSION

### I.    Motion for Sanctions and Attorney's Fees

Defendant moves the Court to require Plaintiffs' counsel to pay sanctions to Defendant in the amount of $148,442.89, the amount of attorney's fees and costs incurred by Defendant for work that

---

[1] In a diversity case, all plaintiffs must be of different citizenship than all defendants. Strawbridge v. Curtis, 7 U.S. 267 (1806). Where a party is an alien admitted to the United States for permanent residence, the alien shall be deemed a citizen of the State in which such alien is domiciled. 28 U.S.C. § 1332(a). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

1    is "unique to federal court and which will provide no benefit in a subsequent state action."

2    (Declaration of Bruce Sherman ¶ 6, Ex. 6.)

3        **A.    Legal Standard**

4        Title 28 U.S.C. § 1927 permits a federal district court to require an attorney who "multiplies

5    the proceedings in any case unreasonably and vexatiously" to pay "excess costs, expenses, and

6    attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.

7        "Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith."

8    New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989). "Bad faith is present

9    when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim

10   for the purpose of harassing an opponent."  Id.  "Tactics undertaken with the intent to increase

11   expenses, or delay, may also support a finding of bad faith."  Id. (internal citations omitted).  The

12   Ninth Circuit has held that recklessness suffices to assess § 1927 sanctions.  Fink v. Gomez, 239 F.3d

13   989, 993 (9th Cir. 2001); B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107-08 (9th Cir. 2002).  In

14   B.K.B. v. Maui Police Department, the Ninth Circuit explained that a finding of recklessness plus

15   knowledge of the rules and applicable law is sufficient.  Id. at 1106-1107.

16       **B.    Conduct at Issue**

17       The Court sets forth only those facts relevant to its determination of Defendant's motions.  On

18   January 12, 2009, Plaintiffs' counsel filed the Complaint, which alleged subject matter jurisdiction

19   based on diversity jurisdiction, and that each of the eighteen plaintiffs "resides" in Tijuana, Baja

20   California, Mexico.[2] (Compl. ¶¶ 2-22.)  Plaintiff's counsel based these allegations on information he

21   received from plaintiffs' Tijuana counsel and two plaintiffs, Tenorio Plata ("Plata") and German

22   Vazquez ("Vasquez"), who he understood were authorized to make decisions on behalf of the group.[3]

23   (Stillman Decl. ¶ 2.)

24

25       [2]The Complaint also alleged the other defendant in this action, Defendant OEM Solutions,
     LLC ("OEM"), is a California Corporation with its principal place of business in California. (Compl.
26   ¶ 21.)  Plaintiffs did not serve the Complaint or First Amended Complaint on OEM.

27       [3] Plaintiff's counsel refers to these plaintiffs as the "lead plaintiffs." Defendant disputes that
     characterization, noting that Vazquez is not mentioned as a representative of the other plaintiffs in the
28   Complaint or First Amended Complaint.  Indeed, the foreign judgment names Galvez and Plata as
     representatives.  (Doc. No. 61, at 82.)

On June 10, 2009, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed for lack of subject matter jurisdiction. (Doc. No. 51.) The Court explained the Complaint's jurisdictional allegations were deficient because they were premised on Plaintiffs' residency, and not citizenship. At that point, Plaintiff's counsel contacted the Plata and Vasquez and "ascertained that each plaintiff was a citizen of Mexico." (Stillman Decl. ¶ 3.) Plaintiff's counsel responded to the OSC by submitting a copy of each plaintiffs' Voter Registration Card, which can only be obtained by Mexican citizens, and which listed the residential address for each Plaintiff as being in Tijuana. (Stillman Decl. ¶ 3.)

After responding to the OSC, Plaintiff's counsel learned from one of the plaintiffs that Galvez, maintained a residence in both Tijuana and San Diego. (Stillman Decl. ¶ 4.) Nevertheless, on July 8, 2009, Plaintiffs' counsel filed a First Amended Complaint ("FAC"), alleging each plaintiff "is a citizen of Mexico and domiciled in Tijuana, Baja California, Mexico as of the commencement of this action." (FAC ¶¶ 2-19.) According to Plaintiff's counsel, he believed there was still diversity jurisdiction because one of the other plaintiffs told him Galvez regularly returned to her residence in Tijuana, still maintained that residence, was still a Mexican citizen, and intended to return to Tijuana. (Stillman Decl. ¶ 4.)

A month after the FAC was filed, Defendant served discovery on Plaintiffs designed to discover whether any plaintiff was a permanent resident alien domiciled in California. (Stillman Decl. ¶ 6.) Plaintiff's counsel forwarded the discovery requests to the Plaintiffs for their responses. (Stillman Decl. ¶ 6.) On October 7, 2009, Plaintiff's counsel learned from the discovery responses that Galvez and another plaintiff, Luis Delgado ("Delgado"), had green cards. (Stillman Decl. ¶ 7.) Galvez further indicated in her response that she had residences in Tijuana and San Diego. (Stillman Decl. ¶ 7.) Delgado "identified that he lived and worked in Tijuana and identified his address in Tijuana." (Stillman Decl. ¶ 7.)

Although aware citizenship was determined by domicile in this case (Stillman Decl. ¶ 8), Plaintiff's counsel's declaration is silent as to whether he made any further inquiry into the matter as a result of learning about the green cards. Plaintiff's counsel states he believed that because Delgado lived and worked in Tijuana, his domicile was in Tijuana. (Stillman Decl. ¶ 8.) As to Galvez,

Plaintiff's counsel still believed she was domiciled in Tijuana because she intended to return to Tijuana and still maintained her Mexican citizenship and residence in Tijuana. (Stillman Decl. ¶ 8.) Apparently, this is based on the same information he received from one of the plaintiffs several months earlier before filing the FAC.

Plaintiff's counsel asserts he emailed these discovery responses to Defendant on October 9, 2009. (Stillman Decl. ¶ 9.) Although he received an email from Defendant stating the discovery responses were never received (Stillman Decl. ¶ 11), it appears Plaintiff's counsel did not attempt to re-send the information. Due to the failure to respond, Defendant filed a motion to compel on January 19, 2010. (Doc. No. 96.) Plaintiff's counsel concedes there was a "delay" from October 7, 2009 through February 5, 2010 in producing discovery, but claims there were extenuating health circumstances. (Pl.'s Opp'n to Mot. for Sanctions at 11:1-3.) (Stillman Decl. ¶ 10.)

At the end of December 2009, Plaintiff's counsel learned from one of the plaintiffs that Galvez applied for or was planning to apply for U.S. citizenship. (Stillman Decl. ¶ 12.) Plaintiff's counsel then attempted to contact Galvez directly for the first time, and spoke with her on February 2, 2010. (Stillman Decl. ¶ 13.) Galvez confirmed her intent to stay in the U.S. and "other facts showing that there was likely no subject matter jurisdiction." (Stillman Decl. ¶ 13.) On February 12, 2010, the date of the hearing on Defendant's motion to compel, Plaintiff's counsel moved to voluntarily dismiss the case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) on the ground that "diversity jurisdiction over this case is potentially lacking." (Pls.'s Mot. to Dismiss ¶¶ 1, 3.) The Court deferred ruling on the motion to dismiss until the parties completed jurisdictional discovery.

On February 12, 2010, Magistrate Judge Cathy Ann Bencivengo issued an order granting the motion to compel, remarking that a number of the unanswered discovery requests would have provided necessary information about Plaintiffs' domiciles months ago. (Doc. No. 103.) Magistrate Judge Bencivengo ordered Plaintiffs to provide Defendant with declarations confirming residence and domicile at the time of removal. (Doc. No. 103.) Plaintiffs' counsel provided a group affidavit from all plaintiffs except Galvez, denying permanent resident alien status. (Declaration of Bruce Sherman in Supp. of Def.'s Opp'n to Pl.'s Mot. ("Sherman Decl."), Ex. 1) The affidavit, however, was missing a signature from Delgado. Plaintiffs' counsel failed to respond to Defendant's emails regarding the

1   missing signature.  (Sherman Decl., Ex. 2.)

2        On February 24, 2010, Plaintiffs filed a declaration from Galvez.  Magistrate Judge

3   Bencivengo ordered Plaintiffs' counsel to provide another declaration from Galves, because the

4   previous declaration was ambiguous as to precisely when Galvez obtained legal permanent resident

5   status. (Doc. No. 110.)  On March 18, 2010, Defendant deposed Galvez, who confirmed she has had

6   legal permanent resident status in the United States since June 2005, and has lived in San Diego

7   continuously since 2004.   (Sherman Decl., Ex. 4 at 13:6-20, 39:20-22.)   Galvez also stated

8   unequivocally that for the past five years she has had tenants in her house in Tijuana and has not lived

9   there.  (Sherman Decl., Ex. 3 at 41:10-25.)

10        **C.     Analysis**

11        Defendant argues sanctions are appropriate under § 1927 because Plaintiff's counsel's actions

12   support a finding of recklessness and knowing conduct.  The Court agrees.[4]

13        Plaintiff's counsel engaged in a pattern of conduct that unreasonably multiplied the

14   proceedings in this case. Despite his knowledge of the law governing diversity jurisdiction, Plaintiff's

15   counsel failed to make a reasonable investigation into Galvez's domicile until February 2010, more

16   than a year after filing the Complaint and about seven months after filing the FAC.   Even after

17   learning Galvez had a green card, Plaintiff's counsel failed to make any inquiry into the issue, instead

18   relying on previous representations from another plaintiff as to Galvez's intention to return to Mexico.

19   Notably, Plaintiff's Counsel was on notice of the jurisdictional issue as early as June 10, 2009, when

20   the Court issued the OSC regarding subject matter jurisdiction.  This pattern of conduct was reckless.

21        The Court further finds Plaintiff's counsel was intentionally dilatory in providing jurisdictional

22   discovery to Defendant, which would have brought the issue to light months earlier.   Only after

23   Defendant filed a motion to compel and Magistrate Judge Bencivengo ordered discovery, did

24   Plaintiff's counsel produce jurisdictional discovery.  Such tactics undertaken with the intent to cause

25   delay are sufficient to support a finding of bad faith.  See New Alaska Dev. Corp. v. Guetschow, 869

26   _____

27        [4]Because § 1927 reaches the entirety of the sanctionable conduct here, the Court does not
     consider whether the conduct is also sanctionable under its inherent authority.  See Chambers v.
28   NASCO, Inc., 501 U.S. 32, 51-52, 63 (1991) (when other rules or statutes "do not reach the entirety
     of a litigant's bad-faith conduct . . . a district court may disregard the requirements of otherwise
     applicable Rules and statutes and instead exercise inherent power to impose sanctions").

F.2d 1298, 1306 (9th Cir. 1989).

Accordingly, the Court imposes sanctions against Plaintiff's counsel in the amount of $18,000, which reflects attorney's fees and costs incurred between the time Plaintiff's counsel learned about Galvez's green card and when he filed the motion to dismiss this action. These fees and costs are directly attributable to the reckless litigation of this matter. See id. (sanctions are authorized "only in an amount up to the additional expenditures incurred . . . as a result of the multiplicity of the proceedings").

**II.    Motion for Costs**

Defendant also moves for costs pursuant to 28 U.S.C. § 1919. Defendant argues the totality of the circumstances justifies the award of all the costs requested in Defendant's cost bill, attached to the motion.[5]   (Declaration of Bruce Sherman in Supp. of Mot. for Costs, Ex. 6.)

**A.    Legal Standard**

Title 28 U.S.C. § 1919 provides: "Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919. "Where the underlying claim is dismissed for want of jurisdiction, the award of costs is governed by 28 U.S.C. § 1919." Miles v. State of Cal., 320 F.3d 986, 988 (9th Cir. 2003). Section 1919 is permissive, allows the district court to award "just costs," and does not turn on which party is the "prevailing party." Id. at n.2. "Just costs" under Section 1919 are those costs that are fair to award considering the "totality of the circumstances." Ericsson GE Mobile Commc'ns v. Motorola Commc'ns & Elecs., 179 F.R.D. 328, 330 (N.D. Ala. 1998).

**B.    Analysis**

Defendant requests the following costs: (1) $18,947 for a forensic document expert to prepare a declaration in opposition to Plaintiffs' motion for writ of attachment; (2) $203.70 for copying

---

[5]Plaintiffs' argument that Defendant did not timely file this motion has no merit. Pursuant to Civil Local Rule 54.1, Defendant filed a bill of costs with the Clerk of Court within fourteen days after entry of judgment. (Doc. No. 123.) After Plaintiffs filed objections, the parties agreed the Clerk of Court was not permitted to award costs under Section 1919 over a party's objection. (Doc. No. 129.) The Clerk of Court issued an Order to that effect, and Defendant subsequently brought the instant motion. (Doc. No. 129.)

1    charges; (3) $17,742.10 for translation services; and $416.74 for the deposition of Galvez regarding

2    her domicile.

3        With the exception of costs relating to Galvez's deposition, all the requested costs are related

4    to the merits of the case. As Plaintiffs argue, the costs related to the merits of the case are applicable

5    to the newly-filed action, which involves all the plaintiffs except Galvez and Delgado. Therefore, the

6    Court finds these costs should be determined at the end of the new action. See Callicrate v. Farmland

7    Indus., Inc., 139 F.3d 1336 (10th Cir. 1998) (awarding costs covering transcribing and/or copying of

8    depositions was improper as to defendant upon dismissal of action for want of jurisdiction, where state

9    action based upon same claims was pending, and recovery of such costs could be sought in state

10   court).

11       However, under the circumstances, Court finds it appropriate to award "just costs" relating to

12   Galvez's deposition, which were incurred in order to determine whether subject matter jurisdiction

13   was lacking. Plaintiffs' argument that the deposition was unnecessary is without merit. As Defendant

14   points out, it was necessary to depose Galvez because it was not certain that  subject matter

15   jurisdiction was lacking. Indeed, the motion to dismiss itself was inconclusive:

16          It has come to counsel for Plaintiffs' attention on or about Friday, February 5, 2010
           that there is a potential issue regarding this Court's subject matter jurisdiction, in that
17         it is arguable that one plaintiff's domicile can be construed as being in San Diego,
           California. Although it is by no means conclusive, in that this plaintiff still maintains
18         a residence in Tijuana, Mexico and still has a valid voter registration card in Tijuana,
           Mexico that has previously been introduced as evidence in this case, that plaintiff has
19         not only maintained a residence in San Diego as of the date of the filing of this action,
           but has also applied for United States citizenship.
20
21   (Pls.'s Mot. to Dismiss ¶¶ 1, 3.)

22       Therefore, the Court GRANTS Defendant's motion for costs, and assesses costs against

     Plaintiffs in the amount of $416.74.
23
     //
24   //
25   //
26   //
27   //
28   ///

1

## CONCLUSION

2      The Court GRANTS Defendant's motion for sanctions and attorney's fees, and imposes

3   sanctions against Plaintiff's counsel in the amount of $18,000. The Court further GRANTS

4   Defendant's motion for costs.  Plaintiff shall pay $416.74 for the costs of Defendant's deposition of

5   Galvez.  These payments shall be made no later than **September 1, 2010**, with a proof of the payments

6   filed with the Court no later than **September 3, 2010**.

7      **IT IS SO ORDERED.**

8   **DATED:  August 13, 2010**

9   _____
    **IRMA E. GONZALEZ, Chief Judge**

10   **United States District Court**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28